UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HART, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TWC PRODUCT AND TECHNOLOGY LLC,<br><br>　　　　Defendant. | Case No. 20-cv-03842-JST   (JSC)<br><br>**ORDER RE: PRVILEGE DISPUTE**<br><br>Re: Dkt. Nos. 113, 114, 115, 117, 120 |

Now pending before the Court is a discovery dispute joint letter regarding Defendant's privilege log. (Dkt. No. 114.) The Court previously ordered Defendant to submit the documents for *in camera* review. (Dkt. No. 115.) Having reviewed the documents, and the parties' memoranda (Dkt. Nos. 117, 120 ), the Court finds that the attorney-client privilege protects much, but not all, of the withheld documents.

**LEGAL STANDARD**

As Plaintiffs bring California state law claims, California law governs Defendant's invocation of the privilege. *See* Fed. R. Evid. 501. Defendant bears the burden of proving that the attorney-client privilege applies. *Holley v. Gilead Scis., Inc.,* No. 18-CV-06972 JST (JSC), 2021 WL 2371890, at *3 (N.D. Cal. June 10, 2021).

> Under California Evidence Code section 952 protected attorney-client "confidential communications include information transmitted to persons 'to whom disclosure is reasonably necessary for the transmission of the information,' and those to whom disclosure is reasonably necessary for 'the accomplishment of the purpose for which the lawyer is consulted.

*Id.* Thus, "[t]he first relevant inquiry is whether the document contains a discussion of legal advice or strategy of counsel." *Zurich Am. Ins. Co.*, 155 Cal. App. 4th 1485, 1503 (2007).

1    "[O]therwise routine, non-privileged communications between corporate officers or employees

2    transacting the general business of the company do not attain privileged status solely because in-

3    house or outside counsel is "copied in" on correspondence or memoranda." *Zurich American Ins.*

4    *Co. v. Superior Court*, 155 Cal.App.4th 1485, 1504 (2007).  Further, Defendant "may not shield

5    facts, as opposed to communications, from discovery. Any relevant fact may not be withheld

6    merely because it was incorporated into a communication involving an attorney." *Id.*

**IN CAMERA REVIEW**

**A. Emails**

**Log Entry 28:** Privileged communications regarding the seeking of legal advice.

**Log Entry 29:**  Privileged document setting forth information gathered to obtain legal advice.

**Log Entry 33:** Privileged.  Emails seeking or in regards to the seeking of legal advice.

**Log Entries 36 & 37:** Privileged.  Emails regarding legal advice.

**Log Entry 45**: Privileged communications gathering information for legal advice, except for the second half of the April 17, 2017 email (forwarded on May 29, 2017) which expressly states *is not* for privacy review.  That discussion is purely business related and does not involve lawyers. Defendant's submission does not establish that this portion of the email is privileged. (Dkt. No. 117 at 7.)

**Log Entry No. 48:** Privileged.  Emails expressly discussing legal advice.

**Log Entry No. 49**: Privileged.  Email discussing legal advice.

**Log Entry 53**: Privileged.  Email forwarding a discussion among attorneys and clients regarding what information attorneys need to provide legal advice.

**Log Entry 58**: Not privileged.

**Log Entry 60:** Not privileged. December 12, 2018 email does not involve attorneys and does not discuss legal advice; instead, it reflects the drafter's understanding of current business practices. The rest of the emails in the thread (to the extent they are part of the log entry) are privileged.

**Log Entry 61**: Privileged. Email discussing legal advice.

**Log Entry 69**: Privileged. Emails related to legal advice.

**Log Entry 71:** Not privileged.

1  **Log Entry No. 79:**  Same as Entry No. 29.

2  **Log Entry No. 80**: The power point prepared for the Privacy Review Board is privileged;
3  however, to the extent other documents reflect the same information (and there must be other such
4  documents) they are not privileged.

5  **Log Entry No. 106:**  January 31, 2019 message is not privileged nor are any of the messages in
6  the string.  The messages discuss a technical matter, not legal advice, and they do not discuss the
7  technical matter for the purpose of obtaining legal advice.  That an attorney first noticed the
8  technical issue does not make the entire string privileged.

9  **Log Entry No. 113:** The December 21, 2018 at 14:26 email and December 20, 2018 email from
10  Mary Glackin are not privileged. These emails reflect TWC's policy on the use of location data.
11  That the policy may have been developed with input from attorneys does not make emails
12  reflecting what the policy actually is privileged.  The rest of the thread is privileged as it discusses
13  the seeking of legal advice.

## PRIVACY REVIEW BOARD MINUTES

15  **Log Entries 10, 20, 22:** Defendant offers evidence that the primary purpose of the Privacy
16  Review Board was to offer legal advice.  (Dkt. No. 114-2.)  The minutes reflect the information
17  that was presented to the Board for the purpose of obtaining legal advice and guidance on
18  proposed business conduct and thus is privileged.  However, as explained above, other documents
19  reflecting "Use Cases"; that is, proposals for the use of user data, are merely business documents
20  not protected by the attorney-client privilege. The Court understands that Defendant has not
21  withheld such documents to the extent they are responsive.

22  The Administrative to Seal (Dkt. No. 113) is GRANTED as supported by the Declaration
23  at Docket No. 116-1.

24  This Order disposes of Docket Nos. 113, 114.

25  **IT IS SO ORDERED.**

26  Dated: April 11, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge