UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HART, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TWC PRODUCT AND TECHNOLOGY LLC, <br><br> Defendant. | Case No. 20-cv-03842-JST <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE, TERMINATING AS MOOT MOTION TO FILE UNDER SEAL, AND RESETTING CLASS CERTIFICATION BRIEFING AND HEARING SCHEDULE** <br><br> Re: ECF No. 158, 160, 168, 169 |

Plaintiffs' motion for class certification is currently pending. ECF No. 141. Defendant filed an opposition to the motion, along with two separate motions to strike Plaintiffs' expert testimony under Rule 702 of the Federal Rules of Evidence; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); and Rules 26 and 37 of the Federal Rules of Civil Procedure. ECF Nos. 155, 158, 160. Plaintiffs have moved to strike Defendant's motions to strike on grounds that they violate Civil Local Rule 7-3(a). ECF No. 170.

Plaintiffs are correct. Opposition briefs "may not exceed 25 pages of text," and "[a]ny evidentiary and procedural objections to the motion must be contained within the brief." Civil L.R. 7-3(a). Defendant's motions and opposition brief total 66 pages of text. The opposition refers to arguments that are further elaborated in one of the motions to strike, thus evincing an apparent attempt to circumvent Civil Local Rule 7-3(a)'s 25-page limit. *See, e.g.*, ECF No. 155 at 24 (noting that "other defects [are] described in the concurrently-filed Thompson *Daubert* [motion]"); *id.* at 25 (referring to an argument that is "further explained" in that motion). Defendant did not request leave to exceed page limits or to file separate motions to strike, and their motions to strike have therefore been improperly filed.

While Defendant's "noncompliance with the Local Rules constitutes an independent basis

for denying the motion[s] to strike," *Nucci v. Rite Aid Corp.*, No. 19-cv-01434-LHK, 2020 WL 3187335, at *7 (N.D. Cal. June 14, 2020), the Court will provide Defendant with an opportunity to cure its noncompliance.  The Court will also sua sponte grant page-limit extensions, although it encourages the parties to use only the number of pages they need to make their arguments succinctly.

Defendant may file a new opposition brief, not to exceed 35 pages, by September 9, 2022.  Alternatively, Defendant may file, by the same date, a statement that it will rest on its already filed opposition brief.

Plaintiffs' reply deadline is continued to September 23, 2022, and the page limit for the reply brief is extended to 20 pages.

The hearing on Plaintiffs' motion for class certification is continued to November 3, 2022.

Plaintiffs' motion to strike, ECF No. 168, is granted.  The Clerk shall terminate Defendant's motions to strike, ECF Nos. 158 & 160.  Plaintiffs' administrative motion to file material under seal in connection with their opposition to Defendant's motions to strike, ECF No. 169, is terminated as moot.

**IT IS SO ORDERED.**

Dated:  August 22, 2022



JON S. TIGAR
United States District Judge